IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

RONITA ROSHELLE HOLMAN,
Plaintiff,

v.  Civil Action No. 3:16-cv-539

CITY OF RICHMOND, *et al.*,
Defendant.

## OPINION

This matter comes before the Court on Ronita Holman's pro se motion to proceed *in forma pauperis*. In proceedings *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B); *see Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006). In evaluating whether the plaintiff states a claim, the court looks for "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When the plaintiff appears *pro se*, although courts should liberally construe the complaint, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), "[p]rinciples requiring generous construction of pro se complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Courts need not attempt "to discern the unexpressed intent of the plaintiff." *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006). The Fourth Circuit has stated, "though [pro se] litigants cannot . . . be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." *Beaudett*, 775 F.2d at 1276. In other words, "[d]istrict judges are not mind readers." *Id.* at 1278.

In her complaint, Holman alleges injuries related to her altercation with the Richmond City Police on April 27, 2002, and her subsequent altercation with Richmond City Police and Richmond Animal Control on April 29, 2002. The altercations allegedly resulted in physical harm to Holman, and the confiscation of her three dogs.

Holman's filing contains multiple documents titled "Complaint." Based on the liberal construction standard for pro se plaintiffs, the Court looks at the entire filing. One of the documents titled "Complaint" alleges that the "defendants failed to perform their duties in the proper manner as set forth by law." (Compl. 2.)[1] Another document titled "Complaint" alleges two counts: (1) negligence and (2) misconduct. (Compl. 7.) Additionally, based on the facts in the filing, the Court could also construe claims under 42 U.S.C. § 1983 for (1) excessive force by the Richmond City Police and (2) improper deprivation of property in violation of her due process rights by the Richmond Animal Control.

Statutes of limitations set the deadline for the filing of lawsuits. *Long, Long & Kellerman, P.C. v. Wheeler*, 570 S.E.2d 822, 825 (2002) ("[S]tatute of limitations prescribes a period of time in which the person with a cause of actions must file pleadings."). The statute of limitations begins tolling on the date of the injury. *See* Va. Code § 8.01-230. In Virginia, the statute of limitations for personal injury claims is two years. Va. Code Ann. § 8.01-243. Regarding Holman's possible § 1983 claims, the Court applies the state's two-year statute of limitations for personal injuries. *See Hoskin v. Brown*, No. 1:14cv759, 2015 WL 5247595, at *3 (E.D. Va. Sept. 8, 2015) (a § 1983 procedural due process claim); *Shelton v. Angelone*, 148 F.Supp.2d 670, 677 (W.D.Va 2001) (a § 1983 excessive force claim where the Court holds that "the court must apply the two year limitation period set forth in § 8.01-243(A) to all § 1983

---

[1] For clarity, the Court uses the page numbers assigned by the CM/ECF system.

actions arising in Virginia."). Thus, the applicable statute of limitations for any of Holman's possible claims is two years.

The facts alleged in Holman's filing occurred in April 2002.[2] Because she did not file her *in forma pauperis* motion and complaint with this Court until June 28, 2016, Holman failed to file her claims within the statute of limitations period. Thus, her claims are time-barred.

For these reasons, even when affording Holman the liberal construction required for pro se plaintiffs, she fails to state a claim upon which the Court could grant relief. Additionally, allowing Holman the opportunity to amend her complaint would not cure the timeliness defect. Accordingly, the Court DISMISSESS the complaint WITH PREJUDICE.

The Court will enter an appropriate order.

Let the Clerk send a copy of this Opinion to the pro se plaintiff via U.S. Mail.

Date: July 20, 2016
Richmond, VA

/s/ John A. Gibney, Jr.
United States District Judge

---

[2] Holman's filing also notes events occurring in 2003 and 2006. Although unclear as to how these events relate to the claims from the 2002 altercations, the same reasons apply for their dismissal.